UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AIR METHODS CORPORATION and
ROCKY MOUNTAIN HOLDINGS,

        Plaintiffs,

vs.

DAVID ALTMAIER, in his official
capacity as Commissioner of the
Office of Insurance Regulation,

        Defendant.
_____/

Case No. 4:20-cv-00462-AW-MAF

**PLAINTIFFS' NOTICE OF NEW FEDERAL LAW
REGULATING AIR AMBULANCE REIMBURSEMENT AND BILLING**

Plaintiffs Air Methods Corporation and its wholly-owned subsidiary Rocky Mountain Holdings LLC (collectively, "Air Methods") respectfully provide the Court with notice regarding the passage of the *No Surprises Act* (the "Act"), that was signed into law on December 27, 2020, as part of the Consolidated Appropriations Act (HR 133). A copy of the relevant excerpts from the Act is attached as Exhibit A.[1]

---

[1] At the time of the hearing before the Court on December 14, 2020, on the pending Motion to Dismiss, Plaintiffs' counsel mentioned that it appeared that federal legislation may be forthcoming, but nothing was certain at that time. The Court expressed interest in hearing about any new legislation that becomes new law.

The new legislation, effective in January 2022, is intended to protect consumers from surprise bills for: (1) emergency services delivered by out-of-network providers, including emergency air ambulance operators, or by out-of-network facilities; and (2) nonemergency services provided by out-of-network providers in network facilities and for which patients do not consent. Consumers' costs will be limited to cost-sharing amounts that apply to in-network services. Significantly, service providers are banned from billing patients for any higher amounts.

Section 105 of the Act, titled "*Ending surprise air ambulance bills*," specifically covers and preempts the reimbursement and billing rules enacted by the Florida Legislature in Florida Statutes §§ 627.42397 and 641.514 ("HB 747"). Section 105 holds patients harmless from surprise air ambulance medical bills and only requires them to pay the in-network cost-sharing amount for out-of-network air ambulances. That cost-sharing amount is applied to their in-network deductible. Air ambulances are barred from sending patients surprise bills for more than the in-network cost-sharing amount.

The new federal law also provides for a 30-day open negotiation period for air ambulance providers and payers to settle out-of-network claims. If the parties are unable to reach a negotiated agreement, they may access binding arbitration through an Independent Dispute Resolution ("IDR") process. By January 21, 2022, the

Secretary of Labor and Secretary of Transportation are to jointly establish by regulation the specific IDR process under which, in the case of air ambulance services, a certified IDR entity will determine the amount of payment under the plan or coverage for such services.

The impact of the Act on this case is evident. While HB 747 is expressly preempted under the Airline Deregulation Act for attempting to regulate Air Methods' prices and services, the Act further confirms federal preemption on conflict and field preemption grounds. Congress specifically enacted a federal statute to address the very issues that are at the heart of the Florida law. In its Complaint, Air Methods advised the Court and parties of the federal government's pervasive regulatory role and formation of the Air Ambulance and Patient Billing Committee, which was organized to specifically address billing issues at the federal level.

In light of the foregoing, Air Methods has contacted counsel for Defendant Commissioner Altmaier to determine whether he would agree to stipulate that HB 747 is federally preempted and void. While the new federal law does not take effect until January 1, 2022, it soundly demonstrates the overarching federal regulatory role in this area and preemption of any state laws on these issues. Additionally, Air Methods had asked whether the Commissioner would oppose a motion to amend the Complaint to add facts and claims regarding the new federal law.

#81627875_v3

The Commissioner objects to the motion to amend the complaint at this time, stating that it would not be appropriate considering the posture of this case. In the Commissioner's view, his motion to dismiss is fully briefed and based on arguments directed to jurisdictional issues of ripeness and standing. The Commissioner considers the proposed amendments to the Complaint as pertaining to the merits of the claims and thus, any amended complaint would be subject to the same jurisdictional arguments as the original Complaint.

March 3, 2021                                    Respectfully submitted,

HOLLAND & KNIGHT LLP

*Attorneys for Plaintiffs*

/s/ Tiffany A. Roddenberry
Tiffany A. Roddenberry
Florida Bar No. 92524
Email: Tiffany.Roddenberry@hklaw.com
315 South Calhoun Street, Suite 600
Tallahassee, FL 32301
Tel:   (850) 224-7000

Judith R. Nemsick (admitted pro hac vice)
Email: judy.nemsick@hklaw.com
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200

Philip E. Rothschild
Florida Bar No. 88536
Email: phil.rothschild@hklaw.com
Secondary email:
carmen.ramsey@hklaw.com

4

#81627875_v3

515 East Las Olas Boulevard, 12th Floor
Fort Lauderdale, FL 33302-4070
Tel:   (954) 525-1000

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES AND CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(B), I hereby certify that the parties have conferred and that Defendant's position is reflected in this Notice.

The undersigned certifies that the foregoing complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that the foregoing complies with the word limit in Local Rule 7.1(F); the foregoing contains 709 words, excluding the case style, signature block, and certificates.

I also certify that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on March 3, 2021.

*/s/ Tiffany A. Roddenberry*
Tiffany A. Roddenberry
Florida Bar No.  92524

#81627875_v3