**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**AIR METHODS CORPORATION and
ROCKY MOUNTAIN HOLDINGS LLC,**

    **Plaintiffs,**

v.                                        **Case No. 4:20-cv-462-AW-MAF**

**DAVID ALTMAIER, in his official
capacity as Commissioner of the Office of
Insurance Regulation,**

    **Defendant.**

_____/

## ORDER GRANTING MOTION TO DISMISS

Under a recently enacted Florida law, "[a] health insurance policy must require a health insurer to provide reasonable reimbursement to an air ambulance service." Ch. 2020-177, Laws of Fla. § 1; *see also id.* § 2.[1] The same law precludes balance billing; it forbids air-ambulance services from seeking additional payment from someone whose insurer made "reasonable reimbursement." Fla. Stat. § 627.42397(2) ("Such reasonable reimbursement may be reduced only by applicable copayments, coinsurance, and deductibles. Payment in full by the insured of his or her applicable copayment, coinsurance, or deductible constitutes an accord

---

[1] The new enactment's sections 1 and 2 deal with health insurance policies and health maintenance organizations, respectively. They are otherwise substantially identical. They create Florida Statutes § 627.42397 (for health insurers) and § 641.514 (for HMOs). For simplicity, this order will treat the two provisions as one but cite to § 627.42397.

1

and satisfaction of, and constitutes a release of, any claim for additional moneys owed by the insured to the health insurer or to any person or entity in connection with the air ambulance service.").

The principal issue in this case is whether federal law—specifically the Airline Deregulation Act of 1978 (ADA)—preempts this new Florida law. Plaintiff Air Methods Corporation, an air-ambulance service provider, contends it does. *See* ECF No. 1 (Compl.).[2] It separately contends that the law is void for vagueness. *Id.* But before considering those questions, I must ensure that there is subject-matter jurisdiction. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020).

For this court to have subject-matter jurisdiction, a plaintiff must have standing. *Id.* And to have standing, a plaintiff must have "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). It is the plaintiff's burden to show subject-matter jurisdiction, and at the motion-to-dismiss stage, a plaintiff must allege facts that would support

---

[2] Air Methods operates through its wholly owned subsidiary, Rocky Mountain Holdings LLC, which is also a plaintiff. Compl. ¶ 12. This order refers to the two plaintiffs collectively as "Air Methods."

standing. *Lujan*, 504 U.S. at 561. I conclude Air Methods has not done that, so I will grant the motion to dismiss, with leave to amend.

I.

As Air Methods explains, the law would limit its ability to bill users for anything beyond "reasonable reimbursement," as defined by Florida law. Without the law, Air Methods would have no such limitation. Thus, Air Methods argues, it will suffer a prospective economic injury.

The defendant suggests this injury is speculative, that any reduced receipts may never come to pass. And indeed, although Air Methods alleged it is a licensed air-ambulance provider with 14 bases in Florida, averaging one or two emergency transports from each base daily, Compl. ¶¶ 16-27, it has not alleged that it regularly balance bills (or will balance bill) those it transports. In short, although it alleges in general terms that the new law "will likely result in significant economic losses," *id.* ¶ 34, Air Methods has not adequately alleged an "actual or imminent" injury, *Lujan*, 504 U.S. at 560.[3]

---

[3] The law says it does not "restrict the ability of an air ambulance service . . . to contract to provide nonemergency and emergency services." Ch. 2020-177, Laws of Fla. § 3. The law would therefore apply only to out-of-network services. The complaint alleges nothing about the incidence of out-of-network services, or whether balance billing is routinely involved. At the hearing, Air Method's counsel said that the providers always try to negotiate a resolution but that the new statute gives insurers a disincentive to negotiate. If that disincentive constitutes the injury, Air Methods needs additional factual allegations to support it.

The bigger issues, though, are traceability and redressability. The lone defendant is the Commissioner of Florida's Office of Insurance Regulation, David Altmaier, sued in his official capacity. Compl. ¶ 15. The Commissioner's job responsibilities, the parties agree, include approving insurance policy language. *See* Hrg. Trans. And the new law requires policies to include the "reasonable reimbursement" provision. Fla. Stat. § 627.42397(2). As Air Methods argues, it is up to the Commissioner to compel insurers to include the required coverage in all policies. *See* ECF No. 15 at 8 ("OIR administers insurance regulations (including HB 747) and ensures compliance by the insurers in incorporating the text of the new law into their insurance policies."). But this is largely beside the point because—aside from its vagueness argument, addressed below—Air Methods has alleged no harm from the requirement that insurers provide air-ambulance coverage. And how could it? It is surely no worse off with insurers forced to cover its services than with insurers who may or may not cover its services.

Air Methods's real complaint is with the no-balance-billing provision. That provision provides that an insured's payment of his copay, coinsurance, and deductibles "constitutes an accord and satisfaction of, and constitutes a release of, any claim for additional moneys owed by the insured to the health insurer or to any person or entity in connection with the air ambulance service." Fla. Stat.

§ 627.42397(2). In other words, the law flatly prohibits Air Methods from balance billing insured patients.

But the Commissioner does not enforce this provision. As the parties acknowledged at the hearing, if Air Methods *did* balance bill a patient notwithstanding this provision, the Commissioner would be powerless to do anything about it. He could not stand in Air Methods's way or punish it after the fact. For this reason, any injury flowing from the no-balance-bill provision is not traceable to him, and any such injury is not redressable through him.

Air Methods responds to this by saying the two provisions work together—that the overall scheme is to reduce patient costs by requiring insurers to cover "reasonable reimbursement" and simultaneously precluding providers from collecting anything extra. ECF No. 15 at 10-11 & n.5. And indeed, both provisions support the legislative goal. But they are still separate provisions. And the one that the Commissioner enforces is not the one that could harm Air Methods. A plaintiff must have standing for each claim he brings, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006), so an injury from one provision cannot provide standing to challenge another.

Air Methods also points to the new law's severability provision. *See* Ch. 2020-177, Laws of Fla. § 5 ("If any provision of section 627.42397, Florida Statutes, or section 641.514, Florida Statutes, as created by this act, is determined to be invalid

or inoperative for any reason, the remaining provisions thereof shall be deemed to be void and of no effect."). The argument is that even if this court cannot enjoin enforcement of the no-balance-bill provision (because the Commissioner does not enforce it) the provision would fall. But that would be a matter of state law. *Zobel v. Williams*, 457 U.S. 55, 65 (1982). And without standing to challenge *either* provision, Air Methods cannot secure a ruling about the state-law (severability) consequences of a ruling that one provision is invalid.

Moreover, an injunction against the Commissioner would not stop any insured from asserting rights under the no-balance-billing provision. As nonparties here, they would not be bound by this court's determination about the law's validity. *See Lewis v. Governor of Ala.*, 944 F.3d 1287, 1303 (11th Cir. 2019). So I cannot find it significantly likely that the requested injunction would redress the asserted injury. Presumably, the validity would be resolved in a lawsuit against the insured: Air Methods would sue the insured for an unpaid balance; the insured would assert the Act's provision as a defense; and Air Methods would challenge that defense, asserting preemption. Indeed, in *Bailey v. Rocky Mountain Holdings, LLC*, 889 F.3d 1259 (11th Cir. 2018)—the principal case Air Methods relies on for its preemption argument—the underlying litigation was between balance-billed patients and air-ambulance providers. *Id.* at 1263; *cf. also Lewis*, 944 F.3d at 1301 ("Plaintiffs could

have sued their employers, who refused to pay the ordinance-prescribed $10.10 wage—and thereby (and perhaps most obviously) caused their injury.").

Air Methods cites other cases, but those are different when it comes to redressability. In *Air Evacs v. Cheatham*, 910 F.3d 751 (4th Cir. 2018), the state law set a services fee schedule and prohibited balance billing, much like here. But the challenge at issue was to "the fee schedules and other regulations used to cap reimbursement rates covered by the [defendant Public Employees Insurance Agency and defendant Office of the Insurance Commissioner]." *Id.* at 759. The PEIA administered West Virginia's "program for paying the medical expenses of its own government employees," and the OIC managed the worker's compensation system, which covered private employees. *Id.* at 758. The defendants, then, included offices responsible for managing payments (and setting rates for payments) directly to air-ambulance providers. *Id.* at 759 ("The separate prohibition on balance-billing was only challenged in the alternative if the PEIA and OIC regulations were upheld."). That is unlike our case, where the Commissioner has no alleged responsibility for overseeing payments to Air Methods or other providers.

Air Methods also cites *Air Evac EMS, Inc. v. Texas, Department of Insurance, Division of Workers' Compensation*, 851 F.3d 507 (5th Cir. 2017), which is likewise distinguishable. In that case, the defendants "set the reimbursement rates insurers [were] allowed to pay"; oversaw the administrative process for resolving disputes;

and—most critically—were "charged with enforcing the balance-billing prohibition." *Id.* at 514. That case therefore did not have the traceability and redressability issues we face. *See also EagleMed LLC v. Cox*, 868 F.3d 893, 897 (10th Cir. 2017) (suit against state officials from department "charged with managing the workers' compensation fund and paying covered compensation from the fund").

At bottom, Air Methods has not alleged facts to show traceability or redressability as to its ADA preemption claim.

## II.

Air Methods separately seeks a declaration that the "reasonable compensation" language is unconstitutionally vague. ECF No. 1 at 15. I conclude Air Methods lacks standing for this claim too.

Air Methods has not alleged any constitutional injury flowing from the alleged vagueness. "The court reviews statutes for vagueness concerns only when a litigant alleges a constitutional harm." *Indigo Room, Inc. v. City of Fort Myers*, 710 F.3d 1294, 1301 (11th Cir. 2013) (cleaned up) (quoting *Bankshot Billiards, Inc. v. City of Ocala*, 634 F.3d 1340, 1349 (11th Cir. 2011)). There are two types of harm, neither of which applies here. First, there is harm when someone is charged with violating a vague law. *Id.* The other type is when a person not yet subject to enforcement (like Air Methods) "is chilled from engaging in constitutionally protected activity." *Id.*

(quoting *Bankshot*). Here, the law has not been applied to Air Methods, and Air Methods has not alleged that it is chilled from anything at all. It has thus not alleged any injury as to its vagueness claim.[4]

Finally, even if Air Methods had standing, dismissal would still be necessary. "A law that does not reach constitutionally protected conduct and therefore satisfies the overbreadth test may nevertheless be challenged on its face as unduly vague, in violation of due process. To succeed, however, the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 497 (1982). Air Methods argues that the reasonable-reimbursement provision could be difficult to apply, but it has not argued—much less shown—that the law "is impermissibly vague in all of its applications." *Id.*; *cf. also Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 431 (1987) (rejecting argument that "provision for a 'reasonable' allowance for utilities is too vague and amorphous to confer on tenants an enforceable 'right'").

---

[4] In the section of its response addressing vagueness, Air Methods cites two cases. One, *Wilson v. State Bar of Georgia*, 132 F.3d 1422 (11th Cir. 1998), involved a claim of chilled First Amendment rights. The other, *Georgia Pacific Corporation v. Occupational Safety & Health Review Commission*, 25 F.3d 999 (11th Cir. 1994), involved a post-enforcement challenge. Air Methods's challenge is unlike either.

III.

For all of these reasons, the Commissioner's motion to dismiss (ECF No. 13) is GRANTED. This is with leave to amend, and Air Methods has 14 days to file an amended complaint.

One final note: At the hearing, Air Methods's counsel noted that Congress was considering a "No Surprises Act," which address air-ambulance billing among other things. Congress has now enacted that law. *See* H.R. 133, 116th Congress (2021); *see also* ECF No. 28. The new law provides a payment-dispute resolution process and prohibits, at least in some instances, balance billing. This new law may affect the standing analysis. If, for example, the challenged law imposes limitations now imposed by federal law, it is not clear that the Florida law would cause injury. Those issues will have to be addressed later, but in repleading, Air Methods should consider the impact of the No Surprises Act.

SO ORDERED on March 24, 2021.

s/ *Allen Winsor*  
United States District Judge