**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

AIR METHODS CORPORATION AND
ROCKY MOUNTAIN HOLDINGS LLC,

    Plaintiffs,

v.   v.                                                              Case No. 4:20-cv-462-AW-MAF

DAVID ALTMAIER, in his official
capacity as Commissioner of the
Office of Insurance Regulation,

    Defendant.

_____/

**DECLARATION OF JOHN REILLY**

    I, John Reilly, pursuant to 28 U.S.C. § 1746, make this declaration under penalty of perjury, and declare that the statements made below are true:

    1.    My name is John Reilly. I am employed by the Florida Office of Insurance Regulation (OIR) as Deputy Commissioner for Life and Health. My business address is 200 East Gaines Street, Tallahassee, Florida 32399.

    2.    My duties as Deputy Commissioner for Life and Health include oversight of OIR's Life and Health Financial Oversight Unit, Life and Health Product Review Unit and Life and Health Market Regulation Unit.

3. As a Deputy Commissioner, I am familiar with the operations of the OIR, as well as the Florida Insurance Code.[1] I am also familiar with chapter 2020-177, Laws of Florida, which became law on September 18, 2020, and the federal "No Surprises Act," Pub. L. No. 116-260, div. BB §§ 101-118, 134 Stat. 1182 (2020).

4. Chapter 2020-177 defines the term "reasonable reimbursement," and mandates that health insurance policies and health maintenance organization (HMO) contracts require health insurers and HMOs to provide "reasonable reimbursement" for air ambulance services.

5. Chapter 2020-177 also provides that payment in full by an insured under a health insurance policy or an HMO subscriber of his or her required copayment, coinsurance and deductible for air ambulance services operates as an accord and satisfaction of, and a release of, any claim that a provider of air ambulance services may have against the insured or HMO subscriber. This provision prohibits what is known as "balance billing" of an insured or HMO subscriber by a provider of air ambulance services.

6. The duties of the OIR under chapter 2020-177 is limited to ensuring that health insurance policies and HMO contracts approved by OIR for issuance in

---

[1] The Florida Insurance Code comprises chapters 624-32, 634-36, 641-42, 648 and 651, Florida Statutes. § 624.01, Fla. Stat.

2

Florida on or after September 18, 2020 include "reasonable reimbursement" language that conforms to chapter 2020-177.  It is OIR's position that chapter 2020-177 does not apply to policies and contracts that were in place prior to September 18, 2020.

7. OIR's Life and Health Product Review unit is responsible for ensuring that all health insurance policy forms and HMO contract forms used by health insurers and HMOs operating in Florida comply with all applicable state and federal laws and regulations.  OIR has a months-long process in place for issuing guidance, and reviewing and approving these forms each year.  The forms for plan year 2021 were approved on August 26, 2020 pursuant to CMS guidelines. Because chapter 2020-177 was not signed into law until September 2020, the "reasonable reimbursement" language was not included in insurance policy forms and HMO contract forms for plan year 2021.

8. The federal "No Surprises Act" which includes a section titled "Ending Surprise Air Ambulance Bills," has had no impact on 2021 forms for health insurance policies and HMO contracts.

9. In addition, OIR is still in the process of reviewing and analyzing the "No Surprises Act" as it pertains to air ambulance reimbursement by health insurers and HMOs. This process includes receiving direction from the federal government. Because this is an ongoing process, OIR is not able at this point to draw any

conclusions as to the effect of "No Surprises Act" requirements for health insurance policies and HMO contracts for 2022.

10.   OIR has no statutory or regulatory authority to resolve or adjudicate any dispute which may arise between a health insurer or HMO, on one hand, and a provider of air ambulance services on the other, over the payment of "reasonable reimbursement."  Such a dispute would have to be resolved in a civil lawsuit between the insurer or HMO and the air ambulance provider.

11.   Likewise, OIR has no authority to resolve or adjudicate any dispute which may arise between a provider of air ambulance services on one hand, and an insured or HMO subscriber on the other, over balance billing by the provider.  As with the reasonable reimbursement provision, a dispute over balance billing would have to be resolved by means of a civil lawsuit.

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct pursuant to Title 28 U.S.C. §1746.

Executed on May 26, 2021.

_____
John Reilly
Deputy Commissioner, Florida Office of Insurance Regulation